**In the Matter of Kim H. SPIELMAN, Respondent.**

**No. 02S00–0803–DI–128.**

Supreme Court of Indiana.

Oct. 10, 2008.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Based on an incident on February 28, 2002, Respondent pled guilty to Reckless Driving, a Class B misdemeanor. Based on an incident on October 23, 2003, Respondent pled guilty to operating a vehicle with a blood alcohol content between 0.08 and 0.15%, a Class C misdemeanor. Based on an incident on November 4.2004, Respondent was convicted on a guilty plea to Operating a Vehicle While Intoxicated, a Class A misdemeanor.

In June 2005, Respondent entered into a monitoring agreement with the Judges and Lawyers Assistance Program ("JLAP") and has been fully compliant with the agreement.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or Fitness as a lawyer.

**Discipline:** The parties agree the appropriate sanction is a 30–day suspension, all conditionally stayed subject to successful completion of a 12–month probation. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, all stayed subject to completion of at least 12 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall not violate his JLAP monitoring agreement, any law, or the Rules of Professional Conduct during his probation.

(2) If Respondent violates his probation, the 30–day suspension shall be ac-

tively served without automatic reinstatement, and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent's probation shall remain in effect until such time as it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson West for publication in the bound volumes of this Court's decisions.

All Justices concur.